

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00044-CR

---

WILLIE SILLIMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. CC-2024-CR-1440, Honorable Tom Brummett, Presiding

---

August 5, 2025

## ORDER OF ABATEMENT AND REMAND

### Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Willie Silliman, appeals his conviction for assault family violence[1] and sentence to three hundred and sixty-five days of confinement. Appellant's brief was originally due May 23, 2025, but we granted Appellant's appointed counsel two extensions to file a brief due to counsel's caseload. By letter of July 10, 2025, we admonished Appellant's counsel that failure to file a brief by July 23 could result in the

---

[1] See TEX. PENAL CODE ANN. § 22.01(b)(2).

appeal being abated and the cause remanded to the trial court for further proceedings without further notice. To date, counsel has not filed a brief or had any further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1. whether Appellant still desires to prosecute the appeal;

2. whether Appellant is indigent;

3. why a timely appellate brief has not been filed on behalf of Appellant;

4. whether Appellant's counsel has abandoned the appeal;

5. whether Appellant has been denied the effective assistance of counsel;

6. whether new counsel should be appointed; and

7. if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by September 4, 2025. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before the date the trial court acts per our directive, he shall immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.